UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DIXIE RICHARDSON and MELVIN RICHARDSON, husband and wife, individually and as the marital community,<br><br>Plaintiffs,<br><br>v.<br><br>AIRSERVE, a Georgia Corporation, DELTA AIRLINES, a Delaware Corporation, HARTSFIELD-JACKSON ATLANTA INTERNATIONAL AIRPORT, and ROE COMPANIES 1-20,<br><br>Defendants. | Case No. 2:11-cv-207-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are several interrelated motions filed by the parties, which concern proper pleading standards for diversity jurisdiction and the proper venue for this action. The Court conducted a hearing on March 20, 2012, on the Motion to Dismiss (Dkt. 6), Motion for Joinder (Dkt. 17), Motion to Amend Complaint, (Dkt. 18), and Motion to Change Venue, (Dkt. 20), at which the parties appeared and presented their arguments. After careful consideration of the memoranda, the relevant authorities, and

**MEMORANDUM DECISION AND ORDER - 1**

the parties' written submissions, the Court will grant the motion to amend, and transfer this matter to the United States District Court for the Northern District of Georgia.

## FACTS

Plaintiffs Dixie and Melvin Richardson filed their complaint against Defendants Air Serv, Delta Airlines, and Hartsfield-Jackson Atlanta International Airport ("Airport") on May 6, 2011, alleging damages for personal injuries suffered by Mrs. Richardson and federal jurisdiction on the basis of diversity. Air Serv and Delta were both served on August 26, 2011, and September 1, 2011, respectively, but Airport was not been served. According to the summonses, Air Serv and Delta were personally served at their respective business addresses located in the state of Georgia. (Dkt. 9, 10.) On September 16, 2011, Air Serv filed its motion to dismiss the Complaint, and on September 28, 2011, Delta filed its motion for joinder in the motion to dismiss. In response, the Richardsons filed a response to the motion to dismiss and a motion to amend the complaint on October 11, 2011, and on October 12, 2011, filed a motion to transfer venue of this action to the United States District Court for the Northern District of Georgia.

The Complaint puts the above procedural facts in context.[1] On or about May 9, 2009, the Richardsons travelled from their residence in Idaho Falls, Idaho, to Orlando, Florida, for a family vacation at Disney World. Their flight had a scheduled connecting flight in Atlanta, Georgia, at Hartsfield-Jackson Airport. To catch their connecting flight,

---

[1] The Court has obtained all of the facts from the Complaint in this matter, and restates them here for context only.

**MEMORANDUM DECISION AND ORDER - 2**

the Richardsons were required to board a shuttle bus and travel to another terminal. The shuttle bus allegedly was operated by Air Serv.

The Richardsons boarded the shuttle bus, and took a seat in the back of the bus. When the shuttle bus arrived at the terminal, the passengers, including the Richardsons, stood and proceeded to disembark. At that time, the shuttle bus began rolling backwards, and ended up striking a flatbed luggage truck. Upon impact, Plaintiff Dixie Richardson fell backwards and hit the bench seat. Although she was asked if she wanted medical treatment, Mrs. Richardson declined medical help. Presumably, the Richardsons continued to their final destination, Disney World.

The Complaint alleges that, as a result of the fall, Mrs. Richardson incurred physical injuries from which she has suffered and continues to suffer. She alleges the Defendants had a duty to provide safe transportation to her, and negligently failed to operate the shuttle bus in a safe manner. The Richardsons seek unspecified damages for medical expenses, pain and suffering, loss of consortium, and attorney fees. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332, as Defendant Delta is alleged to be incorporated in Delaware, while Defendants Airport and Air Serv are alleged to be incorporated in Georgia. The Complaint acknowledges that the events giving rise to the complaint occurred in Fulton County, Georgia. (Compl. at 3, Dkt. 1.)

Air Serv moved to dismiss the Complaint for three reasons. First, Air Serv contends the Complaint fails to satisfy 28 U.S.C. § 1332(a) and (c),[2] because it did not properly plead the amount in controversy and did not properly allege citizenship of the corporate Defendants. Second, Air Serv contends that the facts do not establish venue is proper in this Court under 28 U.S.C. § 1391(a). And third, Air Serv argues the Complaint contains insufficient facts to establish personal jurisdiction over any named defendant. Rather than file a separate motion and supporting brief, Delta joined in Air Serv's motion and adopted the reasons stated therein.

In response to the Motion to Dismiss, the Richardsons filed a motion to amend their complaint and a motion to change venue from the District of Idaho to the Northern District of Georgia. In their response to the Motion to Dismiss, the Richardsons contend that the issues raised in Defendants' motion are moot, contending they are resolved by the motion to amend and the motion to change venue. (Dkt. 19.)

To address the citizenship of Defendants, Air Serv is alleged to be incorporated in the state of Georgia, with its principal place of business located in Georgia as well, while Delta is alleged to be incorporated in Delaware with its principal place of business in Georgia. Plaintiffs allege that Delta has substantial contacts with the state of Idaho considering it has "regular operations in at least three cities" in Idaho, and therefore is subject to personal jurisdiction in Idaho. As for Air Serv, the proposed amended

---

[2] On December 7, 2011, amendments to the venue and jurisdiction statutes were signed into law pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (H.R. 394), Pub. L. No. 112-63. The law affects the procedures pertaining to removal, remand, venue and transfer. However, Section 105 specifies that the amendments do not take effect until expiration of the 20-day period beginning on the date of the enactment of the Act, and will apply to actions commenced on or after the effective date. This action was commenced on May 6, 2011, before the amendments. Therefore, any references herein to Title 28 are to the 2011 version.

**MEMORANDUM DECISION AND ORDER - 4**

complaint clarifies that the shuttle bus was operated by Air Serv as an agent, sub-contractor, or employee of Delta. The proposed amended complaint names only Air Serv and Delta as Defendants, and not Airport.

The proposed amended complaint alleges that the amount in controversy "exceeds the sum or value specified by 28 U.S.C. § 1332." (Mot. to Amend Ex. 1, Dkt. 18-1 at 3.) In their proposed amended complaint, the Richardsons seek general and special damages of $250,000, which include medical costs, pain and suffering, and loss of consortium.

The motion to transfer venue seeks to transfer this action under 28 U.S.C. § 1404(a). The Richardsons argue no prejudice has occurred, and not only would this matter have been properly filed in the Northern District of Georgia, it would be more convenient to transfer this matter there.

In their joint reply to the motion to dismiss and response to the motion to change venue, Defendants vehemently object to transfer of this matter. Defendants argue dismissal, not amendment and transfer, is appropriate in this case because the Richardsons "failed to comply with the basic pleading requirements necessary to establish venue and jurisdiction." In other words, they allege bad faith, because the complaint was poorly drafted, and it represents a last ditch effort in the wrong court just three days before the two year statute of limitations expired. In addition, Defendants argue no attempt to correct the deficiencies was made for five months, and then made only in response to Defendants' motions. Further, Defendants argue the deficiencies noted in the motion to dismiss are not remedied by the proposed amended complaint. They contend that Plaintiffs should not be rewarded for their bad faith and lack of

**MEMORANDUM DECISION AND ORDER - 5**

diligence by transferring this matter to the Northern District of Georgia.[3] Defendants contend that loss of the Richardsons' negligence claim due to the expiration of the two-year statute of limitations is not a harsh result, considering the claim for loss of consortium would not be extinguished.

Defendants contend next that the Richardsons' motion to amend complaint was untimely filed, because they failed to meet the twenty-one day deadline established by Fed. R. Civ. P. 15(a)(1)(B). Defendants point out that Plaintiffs' motion to amend was not filed and served until October 11, 2011, which was twenty-five days after service of Defendants' Rule 12(b) motion. Consequently, Defendants argue that the Richardsons must meet the requirements of Fed. R. Civ. P. 15(a)(2), and assert the Court should exercise its discretion by denying the motion because the amendment would be futile.

In the Richardsons' replies, they assert that the rule favoring a decision on the merits should govern the Court's decision, and therefore their motions should be granted to allow them "to have their day in court." They contend that their proposed amended complaint is proper and solves the pleading problems identified by Defendants' motions, and that their motion to transfer venue, if granted, would remedy the jurisdictional issues with no prejudice to Defendants.

## DISPOSITION

**1.      Motion to Amend Complaint**

The sole issue in this matter is whether this case should be dismissed, or transferred to the United States District Court for the Northern District of Georgia.

---

[3] Defendants do not appear to contest that jurisdiction and venue would be proper in the Northern District of Georgia.

**MEMORANDUM DECISION AND ORDER - 6**

However, before considering the motion to dismiss or the motion to change venue, the Court must first consider whether Plaintiffs should be permitted to file their proposed amended complaint.

Defendants argue that the Richardsons tardily filed their motion to amend because it was not served "within 21 days after service of a motion under Rule 12(b)" as required by Rule 15(a)(1)(B). Defendants have misapplied the rule regarding computation of time. Rule 15(a)(1)(B) permits a party to amend its pleading once as a matter of course, and without the court's leave or the opposing party's written consent, within 21 days after service of a motion to dismiss under Rule 12(b). Defendant Delta's Motion to Dismiss was filed and served via the Court's ECF system on Friday, September 16, 2011. (Dkt. 6.)

Rule 6 applies to "any time period specified in these rules," or "in any local rule or court order." When a period under a rule is stated in days, Rule 6(a) provides that the day of the event that triggers the period is excluded; every day is counted; and the last day of the period is included unless it is a weekend or legal holiday, in which case the period continues to run until the end of the next day that is not a weekend or legal holiday. A paper or document is considered served if it is sent by electronic means, in this case via the Court's ECF system. Fed. R. Civ. P. 5(b)(2)(E). When service is made under Rule 5(b)(2)(E), "3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d).

Consulting the 2011 calendar,[4] twenty-one days from September 16, 2011, excluding the date of service, is Friday, October 7, 2011. Rule 6(d) requires an additional three days be added. Monday, October 10, 2011, constitutes the requisite three calendar days. However, October 10, 2011, was a legal holiday—Columbus Day—and therefore is not counted pursuant to Rule 6(a). The 21-day period therefore ended on Tuesday, October 11, 2011. Plaintiffs' Motion to amend was therefore timely filed and needs no court approval pursuant to Rule 15(a)(1)(B). The Motion to Amend (Dkt. 18) will be granted, and the Court need not consider Defendants' additional arguments in opposition to the motion asserted under Rule 15(a)(2), which requires written consent of the opposing party or leave of the court to amend a complaint.

This leaves the Court with Defendants' arguments that, even as amended, the complaint must still be dismissed for the reasons expressed in Defendants' motion to dismiss and in their oppositions to the motion to amend and motion to change venue.

**2.    Motion to Dismiss or Transfer**

The Richardsons contend that the amended complaint, along with the motion to transfer venue, cures the deficiencies noted above by Defendants in their initial pleading. Taking each in turn, the amended complaint now satisfies 28 U.S.C. § 1332(a) and (c), because it pleads the amount in controversy is $250,000,[5] and contains facts alleging

---

[4] The Court takes judicial notice of the 2011 Calendar. Fed. R. Evid. 201(b), (c).
[5] The amount in controversy is not contested by Defendants.

**MEMORANDUM DECISION AND ORDER - 8**

citizenship of the remaining two corporate Defendants, Air Serv and Delta, by designating their respective states of incorporation and principal place of business.[6]

However, Defendants' arguments concerning lack of personal jurisdiction and improper venue and are well taken. While the proposed Amended Complaint alleges facts to establish the Court's jurisdiction over Delta by virtue of its contacts with Idaho and its airports,[7] no facts are alleged to establish that this Court has personal jurisdiction over Defendant Air Serv, which is alleged to be incorporated in Georgia and have its principal place of business in Georgia, but does not appear to have any locations in or ties to Idaho. Moreover, the Richardsons in their motion to transfer venue, concede that this Court would not be able to exercise personal jurisdiction over Air Serv. (Mot., Dkt. 20.)

Second, venue is not proper in this Court under 28 U.S.C. § 1391(a). Section 1391(a) states that actions where jurisdiction is founded upon diversity of citizenship may, except as otherwise provided:

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

For purposes of venue, corporate defendants are "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28

---

[6] The Defendants in their Response to the Motion for Leave to Amend do not contest that the citizenship or amount in controversy requirements of 28 U.S.C. § 1332(a) and (c) are satisfied. (*See Resp.*, Dkt. 23.)

[7] Defendant Delta concedes as much by failing to raise an argument that the Court lacks personal jurisdiction over it in its Reply in support of its motion to dismiss. (Dkt. 22 at 4.) Defendants' brief addresses only the Court's lack of personal jurisdiction over Air Serv.

**MEMORANDUM DECISION AND ORDER - 9**

U.S.C. § 1391(c). It is Plaintiffs' burden to show venue is proper in the District of Idaho. However, by filing their motion to transfer venue, the Richardsons all but concede that venue is improper in this district.

Moreover, considering both parties consider Delta to be subject to personal jurisdiction in the District of Idaho while Air Serv is not, Section 1391(a)(1) is not satisfied. A suit cannot be brought against multiple defendants pursuant to Section 1391(a)(1) in a state in which some, but not all, of the defendants reside. Thus, both corporate defendants do not "reside" in Idaho because they are not both subject to personal jurisdiction in Idaho. *See Anrig v. Ringsby United*, 603 F.2d 1319, 1324 (9th Cir. 1979) (explaining that in cases involving multiple defendants of diverse residences, venue could be preserved by dismissing the claims against those parties as to whom venue is improper). Both defendants do, however, reside in the Northern District of Georgia. And, the alleged accident occurred in the Northern District of Georgia, satisfying 28 U.S.C. § 1391(a)(2). Venue would therefore be proper in the Northern District of Georgia, a fact Defendants do not contest. (Reply at 4, Dkt. 22) ("Venue . . . would be proper in Georgia.").

If the Court determines that venue is improper, the Court may either dismiss the action without prejudice or, "if it be in the interest of justice," transfer the action to any district in which the action could have originally been brought. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to

**MEMORANDUM DECISION AND ORDER - 10**

any district or division in which it could have been brought.");[8] *see also King v. Russell*, 963 F.2d 1301, 1304 (9th Cir.1992).[9] The Court's decision under Section 1406(a) is discretionary. *King*, 963 F.2d at 1304 (reviewing the district court's decision to dismiss rather than transfer under Section 1406(a) under an abuse of discretion standard).

Defendants argue that the Richardsons' complaint, and the amended complaint at the eleventh hour, warrant dismissal, even if the Richardsons' claim for negligence may be barred by the statute of limitations, considering the drafting mistakes were elementary. At least one court agrees. In *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986), the United States Court of Appeals for the Seventh Circuit upheld the district court's decision to dismiss the plaintiff's complaint for filing her suit in the wrong district, commenting:

> If her mistake were one easy to commit, the penalty might be so disproportionate to the wrong that it would have to be reversed, as a clear abuse of discretion. But the mistake was elementary. . . . The proper penalty for obvious mistakes that impose costs on opposing parties and on the judicial system is a heavy one. . . We . . . remind plaintiffs and their counsel that they must determine where the plaintiff can get personal jurisdiction over the defendant before, not after, the statute of limitations runs; otherwise they court disaster. If the result in the present case seems harsh, that is because the costs to [Plaintiff] are palpable while the benefits are largely invisible. But the benefits are not trivial; litigants and the public will benefit substantially in the long run from better compliance with the rules limiting personal jurisdiction.

---

[8] The Court is authorized under Section 1406(a) to transfer cases to another district even absent personal jurisdiction over the defendants or correct venue. *Goldlawr v. Heiman*, 369 U.S. 463, 466 (1962).
[9] Although the Richardsons argue that application of the forum non conveniens statute, 28 U.S.C. § 1404(a), applies, the two statutes are distinct. *See Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964) ("Although both sections were broadly designed to allow transfer instead of dismissal, [§ ] 1406(a) provides for transfer from forums in which venue is wrongly or improperly laid, whereas, in contrast, [§ ] 1404(a) operates on the premises that the plaintiff has properly exercised his venue privilege."). Section 1404(a) does not apply in this matter because venue was not proper in the District of Idaho in the first instance.

**MEMORANDUM DECISION AND ORDER - 11**

The United States Supreme Court has indicated that the "interest of justice" was meant to combat the "uncertainties of proper venue [when] a mistake is made" as to the "existence of some elusive fact." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466—67 (1962). Courts have held that the interests of justice are not served when the mistake is not genuine, such as when the plaintiff either knew or should have known, in the exercise of reasonable diligence, that service of process could not be effected over a defendant in the chosen district. *See Mulcahy v. Guertler*, 416 F.Supp. 1083, 1086 (D. Mass 1976) (denying motion to transfer venue under Section 1406(a) when the mistake was obvious, but noting that the statute of limitations had not expired); *see also Pedzewick v. Foe*, 963 F.Supp. 48, 51 (D. Mass. 1997) (denying the plaintiff's motion to transfer under Section 1406(a) when the plaintiff plainly filed in the wrong district on the last day before the statute of limitations expired).

Thus, the motion turns upon whether the Court, in the exercise of its discretion, concludes that the interests of justice would be served by allowing a transfer so that the Richardsons may continue with their suit against Defendants Delta and Air Serv. Dismissal would result in the loss of the Richardson's cause of action for negligence under the statute of limitations. At the very least, the Richardsons' filing itself shows diligence on their part to begin their case and toll the applicable statute of limitations. During the hearing, Plaintiffs' counsel explained, although mistakenly, that he believed Air Serv operated at the airport located in Boise, Idaho.

Courts within the Ninth Circuit have generally adopted a permissive approach to transfer, because dismissal of an action that could be brought elsewhere is "time-

**MEMORANDUM DECISION AND ORDER - 12**

consuming and justice-defeating." *Lansing v. Feast At Lele*, No. CV S-08-2287, 2009 WL 800228 at *5 (E.D. Cal. Mar. 25, 2009). There is authority within the Ninth Circuit that transfer is appropriate where dismissal would prevent review of a plaintiff's claims. *Id.*

In this case, Plaintiffs' claims were timely when filed, but the statute of limitations applicable to their negligence claim has since lapsed. As such, dismissal would prevent evaluation of the entirety of Plaintiffs' claims. Although the Court doubts that Plaintiffs could have seriously believed that the District of Idaho was the appropriate forum for this claim, the Court detects no bad faith, abusive litigation tactics, or abuse of the judicial system, as the court found in *Pedzewick*. Plaintiffs acknowledge that transfer is appropriate. Accordingly, in the exercise of the Court's discretion, the Court finds that it is in the interest of justice to transfer this matter to the United States District Court for the Northern District of Georgia.

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiffs' Motion for Leave to Amend Complaint (Dkt. 18) is **GRANTED**. Plaintiff must file and serve the proposed amended complaint on or before **April 11, 2012**.

2) Plaintiffs' Motion to Transfer Venue (Dkt. 20) is **GRANTED**. Accordingly, the Clerk is authorized to transfer this action to the United States District Court for the Northern District of Georgia.

3) Defendants' Motion to Dismiss (Dkt. 6, 17), is **DENIED**.

Dated: **April 04, 2012**

Honorable Candy W. Dale
United States Magistrate Judge